UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-21874-KMM

CUTHBERT HAREWOOD,

      Plaintiff,

v.

MIAMI-DADE COUNTY, a political
subdivision of the State of Florida and
JOHN ALEXANDER, a resident of
the State of Florida,

      Defendants.
_____/

**MOTION TO STRIKE PORTIONS OF MIAMI-DADE COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COMPLAINT**

Plaintiff, Cuthbert Harewood ("Mr. Harewood"), pursuant to Fed. R. Civ. P. 12(f), moves to strike certain portions of Miami-Dade County's (hereafter the "County") *Reply in Support of Its Motion To Dismiss Complaint*[1] (hereafter "Reply"), filed on July 21, 2016. In support thereof, Mr. Harewood states the following:

**INTRODUCTION**

Mr. Harewood filed a seven count Complaint against Miami-Dade County and one of its police officers John Alexander ("Officer Alexander") and alleged several violations of 42 U.S.C. § 1983 and state law. Count II of the Complaint specifically alleged that Miami-Dade County violated Mr. Harewood's constitutional right against excessive force by enacting an unconstitutional taser policy. Mr. Harewood properly alleged that the County's taser policy was

---

[1] *See* [D.E. 25].

officially promulgated by the County Manager and Board of County Commissioners by approving Agenda Item 12(B)7.

The County filed a motion to dismiss Count II, claiming that "the [Complaint] contains no allegations regarding a specific 'officially promulgated' County policy that led to the alleged violations."[2] Mr. Harewood filed a *Response*[3] vociferously objecting to the County's contention and stated the following:

> [T]he County is flat-out wrong. The highlighted portions of Exhibit "A" clearly show that on September 8, 2005, the Board of County Commissioners *passed* Agenda Item 12(B)7, which is entitled, "Miami-Dade Police Department Taser Policy." The Legislative History also shows that the agenda passed, and that the Board of County Commissioners was the legislative body that passed it. Furthermore, Exhibit "A" also references Agenda Item No. 11(A)(12), which is a separate *resolution* passed by the Commission that ordered the County Manager to direct the Director of MDPD to develop the County's taser policy. *See* Agenda Item No. 11(A)(12) attached as Exhibit "B." This fact alone undoubtedly proves that, regardless of who drafted it, the County's taser policy stated in Agenda Item 12(B)7 was approved and promulgated by its policymakers.

[D.E. 20 at 5].

In its *Reply*, the County "crawfished" on its contention that the policy cited in the Complaint was not "officially promulgated" and now claims that "the policy referenced in the attachments to Agenda Item No. 12(B)7 … is **an outdated policy**."[4] The County attached "Exhibit 1" to its *Reply*[5] as evidence of "the procedures that were in place in 2013." Mr. Harewood seeks to strike this portion of the County's *Reply* and "Exhibit 1."

---

[2] *See* [D.E. 11 at 6].

[3] *See* [D.E. 20].

[4] *See* [D.E. 25 at 4].

[5] *See* [D.E.25-1].

**MEMORANDUM OF LAW**

### I. Standard of Review

"The court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense is insufficient as a matter of law "if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV, 2009 WL 4807397, at *4 (S.D. Fla. Dec. 4, 2009) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D. Fla. 1976)).

### II. Argument

**The County Improperly Cites to a Document Outside of the Complaint.**

It is improper for Courts to consider extraneous documents when considering a motion to dismiss a complaint, except in limited circumstances. *See Bell Atlantic v. Twombly* 550 U.S. 544 (2007); *Bryant v. Avado Brands, Inc*., 187 F.3d 1271 (11th Cir. 1999). Here, the County attached "Exhibit 1" to its *Reply* under the guise that "Exhibit 1" is a public record. However, not only is "Exhibit 1" untitled, it also fails to reference which governmental agency created this "public record," if any, and who it applies to. Reliance on such a document is clearly inappropriate and outside the scope of the Complaint. For this reason alone, the document should be stricken. *See Bryant v. Avado Brands, Inc*., 187 F.3d 1271 (11th Cir. 1999).

**The County Presents No Evidence that "Exhibit 1" is an "Officially Promulgated" Policy.**

Assuming *arguendo* that Exhibit 1 is some sort of internal memorandum or policy within the Miami-Dade Police Department, the County presented no evidence that this memorandum/policy was officially promulgated by its policymakers, *i.e.* the Board of County Commissioners or the County Manager. The County's contention that "Exhibit 1" is an officially

3

promulgated policy is quite shocking because, for decades, the County has successfully argued (including in cases before this Court) that internal police department policies are not "officially promulgated" by policymakers.

A prime example is *Wilson v. Miami-Dade County*, 2005 WL 3597737, No. 04-cv-23250-KMM, (S.D. Fla. 2005). In *Wilson*, this Court originally denied Miami-Dade County's motion to dismiss a § 1983 claim because the Plaintiff properly alleged that MDPD Director, Carlos Alvarez, was the department's official policy maker. On a motion for reconsideration, the County argued that "Carlos Alvarez, as Director of the Police Department, is not a final policy maker for Miami-Dade County," and that "this Court has on multiple occasions recognized that the final policymaking authority for Miami-Dade County rests solely with the Board of County Commissioners or the County Manager."[6] This Court agreed with the County, reversed it prior Order, and held that:

> The County can only be liable under § 1983 for constitutional deprivations undertaken by persons with final policymaking authority. *See Scala v. City of Winter Park,* 116 F.3d 1396, 1399 (11th Cir.1997). Section 1983 "recovery from a municipality is limited to acts that are, properly speaking, acts of the municipality-that is, acts which the municipality has officially sanctioned or ordered ." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 478, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Determining whether an official possesses final policymaking authority is a question of law for the judge to decide. *See Jett v. Dallas Independent School Dist.,* 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). In making this determination, "a federal court would not be justified in assuming that municipal policymaking authority lies somewhere other than where the applicable law purports to put it." *City of St. Louis v. Praprotnik,* 485

---

[6] Id. (citing *Buzzi v. Gomez,* 62 F.Supp.2d 1344, 1359-1360 (S.D. Fla.1999) (finding that Carlos Alvarez, as head of the Police Department, was not the final policymaker for the County); *Lawrence v. Metro Dade County,* 872 F.Supp. 957, 964 (S.D. Fla.1994) (noting that the County Manager oversees the Police Department).

4

> U.S. 112, 126, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). This Court has previously
> recognized that final policymaking authority for Miami-Dade County rests with
> the Board of County Commissioners or the County Manager.

There are a plethora of other cases which hold the same. *See Buzzi v. Gomez,* 62 F.Supp.2d 1344, 1359-1360 (S.D. Fla.1999) (finding that Carlos Alvarez, as head of the Police Department, was not the final policymaker for the County); *Lawrence v. Metro Dade County,* 872 F.Supp. 957, 964 (S.D. Fla.1994) (noting that the County Manager oversees the Police Department and the Director is not the final policymaker); *Williams v. Santana*, No. 06-22565-CIV, (S.D. Fla. July 18, 2008)("Courts in this district have determined that the Director of the Miami-Dade County Police Department is not a final policy-maker for the county. The final policy making authority for Miami-Dade County rests solely with the Board of County Commissioners or the County Manager); *Williams v. Miami-Dade County*, 859 F.Supp.2d 1297, No. 10–21045–CIV (S.D. Fla. January 9, 2012)(MDPD's use of force policy issued by the Director did not create a *de facto* county policy).

Therefore, even assuming *arguendo* that "Exhibit 1" is the MDPD's internal taser policy, the case law that the County fought so long and hard to establish "hoists the County on its own petard."  Therefore, this Court should stricken the section of the County's *Reply* which cites to "Exhibit 1" as being the procedure that was in place in 2013.

### III.   Conclusion

For all the reasons stated above, the County's argument alleging that Mr. Harewood referenced an outdated policy should be stricken.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that on or about July 20, 2016, undersigned counsel conferred with opposing counsel in a good-faith effort to resolve the issues stated herein and have be unable to do so.

DATED: August 11, 2016.

        Hilton Napoleon Esq., FBN 17593
        RASCO KLOCK  PEREZ NIETO
        2555 Ponce de Leon Blvd., Suite 600
        Coral Gables, Florida 33134
        Telephone: 305.476.7100
        Facsimile: 305.476.7102

*Counsel for the Plaintiff, Cuthbert Harewood*

By: /s/ Hilton Napoleon, II
     Hilton Napoleon, II

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2016, I have filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel and parties of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Hilton Napoleon, II
     Hilton Napoleon, II