UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21874-CIV-MOORE/MCALILEY

CUTHBERT HAREWOOD

    Plaintiff,

v.

MIAMI-DADE COUNTY, a political
Subdivision of the State of Florida and JOHN
ALEXANDER, a resident of the State of
Florida,

    Defendants.

_____/

**DEFENDANT MIAMI-DADE COUNTY'S MOTION TO STAY
DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 26(c), Defendant Miami-Dade County (the "County") moves for an order staying discovery until after resolution of its pending Motion to Dismiss (DE 11). Good cause exists to support the request for a stay of discovery as it pertains to the County. Specifically, the Court should grant this motion in order to further judicial and litigant economy, promote efficiency, and expedite the resolution of this case. Furthermore, the County has asserted sovereign immunity as a basis for its Motion to Dismiss (DE 11), which is an immunity that protects the County from discovery as well as liability. Accordingly, the County seeks to stay discovery until its Motion to Dismiss is resolved.

**BACKGROUND**

Plaintiff Cuthbert Harewood ("Plaintiff") brings this action against the County and Miami-Dade Police Department ("MDPD") Officer John Alexander based on events that occurred on July 20, 2013. *See* (DE 4-1) (the "Complaint). Of the seven (7) claims raised in the Complaint, Plaintiff asserts four (4) against the County, including (1) municipal liability claims

under 42 U.S.C. § 1983 (Counts I and II);[1] (2) a state law claim for false arrest/imprisonment (Count III); and (3) a state law claim for battery (Count IV). *See* (DE 4-1). Plaintiff's federal claims challenge MDPD's taser training procedures as well the "taser policy." *See id.* at ¶¶ 45, 70. The County moved to dismiss the Complaint for failure to state a claim and also raised sovereign immunity in response to the state law claims. *See* (DE 11). In its motion, the County argued that Plaintiff's *Monell* claims fail, as a matter of law, because Plaintiff has not identified an officially-promulgated County policy that is causally linked to his allegations. *See id.* at 5, 14. Rather, Plaintiff cites to and relies upon an Agenda Item passed by the Miami-Dade Board of County Commissioners ("BCC") in 2005 which, he claims, "approved [the] police department's taser policy." (DE 4-1 at ¶ 69). However, as the County argued in its motion, the Agenda Item is not an "officially promulgated" County policy upon which Plaintiff may seek to impose *Monell* liability; rather, it is a memorandum from the former County Manager to the Chairman and Members of the BCC at that time, containing the results of MDPD's review of its revised taser policy. (DE 11 at 7).

On September 27, 2016, Plaintiff served 20 requests for admission upon the County, almost all of which deal with his *Monell* allegations. For instance, Plaintiff requests that the County "[a]dmit that [sic] Revised Taser Policy is the most recent taser policy which has been officially implemented by either the County Manager, County Mayor, or the Board of County

---

[1] Because *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978) is the seminal Supreme Court decision on 42 U.S.C. § 1983 claims against municipalities, such claims are frequently referred to as *Monell* claims, as they will be here when addressing Counts I and II.

Commissioners."[2]  *See Requests for Admission* at ¶ 15.  Plaintiff also asks the County to verify the alleged actions of former County officials, dating back to 2004 and 2005.  *See id.* at ¶¶ 4-12, 16-18 (*e.g.*, "Admit that on November 16, 2004, in response to a request by the Board of County Commissioners, the Miami-Dade County Manager instructed the Director of the MDPD to revise MDPD's taser policy.").  In addition, within his Initial Disclosures, Plaintiff has identified 20 people, including current and former County Commissioners, the Mayor, a former County Manager and Assistant Manager, as well as members of the 2004/2005 Community Relations Board, as individuals likely to have discoverable information that Plaintiff may use to support his claims or defenses.  *See* Ex. B, *Plaintiff's Rule 26 Initial Disclosures*, at §§ I(o)-(c)(c).  Of those 20 individuals, so far Plaintiff seeks to depose former County Manager George Burgess as well as former County Commissioner Katy Sorenson.

Responding to these requests for admission and facilitating these depositions will require coordination across numerous County entities, including the BCC and MDPD, among others. Further, these requests seek information within the knowledge, custody or control of members and former members of the BCC, the Mayor, and the County Manager.  *See id*. at ¶¶ 4-12, 15-19. Thus, the elected government officials of Miami-Dade County (current and former) will have to devote resources to respond to these discovery requests.  In the alternative, should the County object, the Court will have to intervene in order to determine the extent to which Plaintiff should be able to take discovery of the County's elected officials.

## MEMORANDUM OF LAW

Staying discovery while the Court considers the County's Motion to Dismiss comports with common sense and is supported by Circuit precedent, especially where the County has

---

[2]  Plaintiff's complete requests for admission are attached to this Motion as Exhibit A.

raised the defense of sovereign immunity. Indeed, if the motion to dismiss is ultimately granted, then the Court will have saved the parties a significant amount of time and expense in conducting discovery and embroiling itself in the parties' discovery disputes. And even if the motion is denied, then Plaintiff, having already waited nearly three years to assert his *Monell* claims, will not be prejudiced by another short delay while the Court considers the County's Motion to Dismiss.

In these situations, the Eleventh Circuit has held that discovery should not occur when substantial facial challenges to the complaint are outstanding. "Facial challenges to the legal sufficiency of a claim or defense, ***such as a motion to dismiss based on failure to state a claim for relief***, should, however, be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added) (finding that the district court abused its discretion by ordering defendant to respond to discovery before ruling on motion to dismiss); *accord Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay."); *In re Managed Care Litig.*, No. 1334, 00-1334-MD, 2001 WL 664391, at *2 (S.D. Fla. June 12, 2001) ("This Court firmly abides by *Chudasama*'s instruction that '[d]iscovery should follow the filing of a well-pleaded complaint'").

The Eleventh Circuit explained in *Chudasama* that:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining

> whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. ***Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.***

*Chudasama*, 123 F.3d at 1367-68 (emphasis added).

This last teaching is especially prescient here. Given the breadth and nature of Plaintiff's requests for admission, as well as the requests to depose former County officials, the County anticipates that it will object to many of the requests, which will necessitate discovery hearings to determine the proper scope of discovery. Indeed, it seems Plaintiff is improperly attempting to deflect an attack on the conclusory allegations in his Complaint through the discovery process. However, the discovery rules do not permit parties to go on fishing expeditions. *See Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006). As stated by the Supreme Court, "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but ***it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions***." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (emphasis added). Therefore, if the Court rules on the Motion to Dismiss before discovery begins as to the County, judicial resources are conserved and the County is saved from the burden of responding to these requests.

The Eleventh Circuit has recently and consistently adhered to *Chudasama*'s holding that "neither the parties nor the court have any need for discovery before the court rules on the motion" to dismiss. *Carter v. DeKalb Cnty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005). Accordingly, the Court should stay discovery as to the County while the Motion to Dismiss is pending.

Furthermore, a stay of discovery is warranted herein because the County has asserted that the state law battery and false arrest claims (Counts III and IV) must be dismissed given that the Complaint's allegations of an unlawful and malicious arrest and beating entitle it to sovereign immunity.  *See* (DE 11 at 17-20).  The County is immune from suit for the acts of its agents or employees committed in bad faith, with malice, or with a wanton and willful disregard for human rights and safety.  Fla. Stat. § 768.28(9)(a).  Sovereign immunity is immunity from suit – not just from liability – and it is therefore "a threshold issue that [the Court] must decide before requiring a [county] and its officers to answer a complaint against them."  *Seminole Tribe of Fla. v. Fla. Dept. of Revenue*, 750 F.3d 1238, 1242 (11th Cir. 2014).  Requiring the County to submit to the burdens of discovery would run contrary to the practice in this Circuit where discovery is generally not permitted until the immunity from suit defense is resolved.

In *Iqbal*'s terms, and as discussed in the County's Motion to Dismiss, the Complaint here does not plausibly allege an explanation for Ofc. Alexander's actions that would not implicate the County's sovereign immunity.  Accordingly, granting the requested stay would not prejudice Plaintiff where he has failed to state a claim against the County.  Denying the stay, however, would prejudice the County by having it engage in costly and intricate discovery which would likely result in a waste of resources if the Court agrees that Plaintiff has failed to state a claim under § 1983 against the County.

Moreover, the County would be entitled to an interlocutory appeal of the denial of sovereign immunity as raised in its Motion to Dismiss.  (DE 11 at 17-20).  The Eleventh Circuit follows state law to determine whether an order denying state-law immunity is appealable on an interlocutory basis.  *Tinney v. Shores*, 77 F.3d 378, 382-83 (11th Cir. 1996); *Griesel v. Hamlin*, 963 F.2d 338, 341 (11th Cir. 1992) ("Because sovereign immunity under Georgia law is an immunity from suit . . . we have jurisdiction over the district court's order denying summary

Page 6
OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

judgment based on sovereign immunity under Georgia law."). The Florida Supreme Court in *Beach Community Bank v. City of Freeport, Fla.*, 150 So. 3d 1111 (Fla. 2014), held that a political subdivision of the State of Florida had a right to interlocutory review from the denial of sovereign immunity based on a question of law. The Florida Supreme Court relied on recent court-directed changes to Florida's Rules of Appellate Procedure, which now permit interlocutory review of an order when the trial court holds: "(x) that, as a matter of law, a party is not entitled to immunity under section 768.28(9), Florida Statutes; or (xi) that, as a matter of law, a party is not entitled to sovereign immunity." Fla. R. App. P. 9.130(a)(3)(C)(x), (xi); *In re Amendments to Fla. R. of Appellate Procedure 9.130*, No. SC13-1493 (Fla. Nov. 13, 2014).

The *Beach Community Bank* decision refers to the immunity at issue as immunity from suit, not merely a defense from liability or damages. *Beach Cmty. Bank*, 150 So. 3d at 1112 ("the First District held that it could exercise its certiorari jurisdiction to review the trial court's nonfinal order finding that the city of Freeport was not immune from suit based on sovereign immunity"). Because Florida law has changed and would now permit interlocutory review of an order issued from a Florida trial court finding that the County is not entitled to sovereign immunity, the Eleventh Circuit can exercise appellate jurisdiction over an appeal from this Court of an order denying the County's Motion to Dismiss based on sovereign immunity grounds. Thus, the County here would be entitled to an interlocutory appeal of the denial of its sovereign immunity under Fla. R. App. P. 9.130(a)(3)(C)(x), (xi).

In short, it makes no sense to require the County to engage in discovery, particularly on the *Monell* claims, when these claims may be dismissed outright. As such, a stay of discovery as to the County until the Court resolves the pending Motion to Dismiss would not only conserve resources and not unduly prejudice Plaintiff, but it would also be in line with this Circuit's guidance that discovery should not commence until dispositive motions have been resolved.

Accordingly, the County respectfully requests that the Court stay discovery as to the County during the pendency of its Motion to Dismiss.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Rule 7.1(a)(3) of the Local Rules of the Southern District of Florida, undersigned counsel certifies that she has conferred with opposing counsel by phone and e-mail in a good faith effort to resolve by agreement the issues raised in this motion and states that Plaintiff's counsel opposes the relief requested herein.

Dated: October 4, 2016.

                Respectfully submitted,

                ABIGAIL PRICE-WILLIAMS
                Miami-Dade County Attorney
                Stephen P. Clark Center
                111 N.W. 1st Street, Suite 2810
                Miami, Florida  33128

                By:  */s/ Jennifer L. Hochstadt*
                    Jennifer L. Hochstadt
                    Assistant County Attorney
                    Florida Bar No. 56035
                    Telephone: (305) 375-5151
                    Facsimile: (305) 375-5611
                    E-mail:  hochsta@miamidade.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

                */s/ Jennifer L. Hochstadt*
                Jennifer L. Hochstadt
                Assistant County Attorney

## **SERVICE LIST**

Hilton Napoleon, II, Esq.
RASCO KLOCK PEREZ NIETO
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Email: hnapoleon@rascoklock.com
*Served via CM/ECF*