UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21874-MOORE/MCALILEY

CUTHBERT HAREWOOD

    Plaintiff,

v.

MIAMI-DADE COUNTY, a political
Subdivision of the State of Florida and JOHN
ALEXANDER, a resident of the State of
Florida,

    Defendants.

_____/

## DEFENDANT JOHN ALEXANDER'S MOTION TO COMPEL COMPLETE RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS
*(Expedited Consideration Requested)*

Pursuant to Rules 26, 33, 34 and 37 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules for the Southern District of Florida, Defendant, John Alexander ("Defendant"), requests that the Court enter an Order compelling Plaintiff, Cuthbert Harewood ("Plaintiff"), to provide complete responses to Defendant's Request for Production and First Set of Interrogatories.

    1.    Once again, Defendant is forced to seek judicial intervention to obtain <u>basic discovery</u>, causing further unnecessary delay in a case with an impending December 23, 2016 discovery deadline.

    2.    Defendant served Plaintiff with a First Set of Interrogatories and Request for Production on September 19, 2016 (copies of the interrogatories and requests are attached to this motion as Composite Exhibit A). In accordance with Rules 33(b)(2) and 34(b)(2)(A) of the

Federal Rules of Civil Procedure, Plaintiff's responses to the interrogatories and requests were due on or before October 19, 2016.

3. Plaintiff twice requested additional time to produce his responses to discovery, and undersigned agreed to both: first until October 25, and then until October 28, 2016.

4. By October 28, 2016, Plaintiff still had not produced <u>any</u> responses to Defendant's discovery requests, necessitating a motion to compel (ECF No. 31), which Defendant filed on October 28, 2016.

5. On November 17, 2016, this Court held a telephonic hearing on Defendant's Motion to Compel Plaintiff to Respond to Defendant's Request for Production and Interrogatories, and entered an Order Following Discovery Conference, ordering Plaintiff to serve his responses to the written discovery "**[n]o later than November 28, 2016**[.]" (ECF No. 41 at ¶ 1) (emphasis in original).

6. Immediately following the November 17 telephonic hearing, undersigned called Plaintiff's counsel and reviewed the scope of Defendant's discovery requests, one by one, in order to narrow those requests based on Chief Judge Moore's Order Granting Motion to Dismiss (ECF No. 37). At that time, opposing counsel requested, and undersigned agreed to, removing Request for Production Nos. 2(j), 2(k), and 2(l). Beyond that, Plaintiff's counsel did not identify any issue regarding the breadth of any other discovery request.

7. Then, despite the Court's Order, on November 28, 2016 at 11:25 p.m., Plaintiff e-mailed undersigned asking for additional time to respond to Defendant's Interrogatories.

8. Ultimately, Plaintiff provided responses to Defendant's Request for Production on November 28 at 11:09 p.m. and responses to Defendant's Interrogatories on November 29, 2016 at 3:29 p.m.

9. Within less than 24 hours of receiving Plaintiff's written discovery responses, undersigned identified several major deficiencies and immediately communicated those issues to Plaintiff's counsel in a detailed e-mail sent on November 30, 2016.

10. Plaintiff's counsel did not respond to the November 30 e-mail communication. Therefore, on December 1, 2016, undersigned followed up with Plaintiff's counsel by telephone regarding the issues outlined in the November 30 e-mail.

11. Plaintiff's issues with the discovery requests particularly deal with scope and breadth – issues which could have been addressed on November 17, when the parties previously conferred.

12. Scope and breadth aside, however, many of Plaintiff's responses are nevertheless insufficient and/or nonresponsive (copies of the responses to interrogatories and requests are attached to this motion as Composite Exhibit B). More specifically, Plaintiff's responses to interrogatories 1, 10, 11, 12, 13, 14, 15, 16, and 21 and requests 4, 6, 8, 9, 13, 18, 20, 21, 22, 23, 24, 25, 31, 32, 33, 44, 45 of the Request for Production and interrogatories are incomplete and inadequate.

13. For example, in response to requests 9, 13, 18, 20, 21, 22, 23, 24, 25, 44, 45, Plaintiff responds that "[r]esponsive documents will be produced, if any." This is insufficient as Plaintiff fails to answer (1) whether there are, in fact, any responsive documents, and (2) if there are, *when* will they be provided.

14. Most egregiously, Plaintiff objects to every request and interrogatory inquiring about his medical history. This, despite his claims of physical injuries, including chest pain, having a stent placed in his heart, hand tingling, erectile dysfunction syndrome, and mental and emotional harm, as a result of actions attributable to Defendant (Ex. B at ¶¶ 7, 9)

15. Yet, Plaintiff objects to interrogatories 10, 11, 12, and 13, as well as requests 4, 6, 8, and 32, arguing that the requests are overbroad, unduly burdensome and "not relevant or reasonably calculated to lead to the discovery of evidence, given that it requires Mr. Harewood to . . . provide personal and confidential information regarding examinations and treatments which are unrelated to the claims and injuries in this case." These objections are both unreasonable and should be rejected.

16. Although Plaintiff's counsel has offered to confer with his client and attempt to fashion better responses, he would not provide a date certain as to when the amended responses would be provided. He has since sent an unverified 5-page document containing some more details in response to interrogatories 1, 10, 11, 12, 13, 14, 15, 16, and 21, with assurances that an "official version" is forthcoming. *See* Ex. C. Also, Plaintiff has suggested that some form of an amended response to the requests for production will be produced as well.

17. Where this Court ordered Plaintiff to serve his responses to the written discovery no later than November 28, 2016, however, Plaintiff's piecemeal responses are wholly insufficient.

18. With the impending December 23, 2016 discovery deadline, Plaintiff's failure to adequately respond to the propounded discovery is highly prejudicial. Plaintiff's insufficient responses to discovery have left Defendant, once again, unable to thoroughly prepare for depositions, identify areas of interest which may require expert testimony, or even identify what damages Plaintiff seeks. Accordingly, an order compelling <u>complete and immediate</u> responses to Defendant's interrogatories and requests for production should be entered by the Court.

19. Moreover, Plaintiff's failure to fully respond to Defendant's First Set of Interrogatories and Request for Production necessitated this motion. As a result, Defendant

4

requests an award of reasonable expenses, including attorney's fees, against Plaintiff pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure for having to file this motion.

Dated: December 1, 2016
Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
MIAMI-DADE COUNTY ATTORNEY
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: */s/ Jennifer L. Hochstadt*
Jennifer L. Hochstadt
Assistant County Attorney
Florida Bar No. 56035
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
E-Mail: hochsta@miamidade.gov

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Rule 7.1(a)(3) of the Local Rules of the Southern District of Florida, undersigned counsel certifies that she has conferred with opposing counsel by phone and e-mail in a good faith effort to resolve by agreement the issues raised in this motion and states that the parties have been unable to resolve the issues. Plaintiff's counsel has indicated that an "official version" of the Amended Interrogatory Responses will be provided on December 2, 2016, and Amended Responses to the Request for Production will be sent by the end of today, December 1, 2016. However, as of the filing of this motion, the issues identified herein have not been resolved.

*/s/ Jennifer L. Hochstadt*
Assistant County Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2016, a true and correct copy of the foregoing was served on all counsel of record in the manner indicated on the Service List below.

>/s/ Jennifer L. Hochstadt
> Assistant County Attorney

## SERVICE LIST

| | |
|---|---|
| Hilton Napoleon, Esq. | Jennifer L. Hochstadt. |
| e-mail: hnapoleon@rascoklock.com | e-mail: hochsta@miamidade.gov |
| RASCO KLOCK PEREZ NIETO | Miami-Dade County Attorney's Office |
| 2555 Ponce de Leon Blvd., Suite 600 | Stephen P. Clark Center |
| Coral Gables, Florida 33134 | 111 N.W. 1st Street, Suite 2810 |
| Tel: (305) 476-7111 | Miami, Florida 33128 |
| Fax: (305) 675-7707 | Tel: (305) 375-5151 |
| Counsel for Plaintiff | Fax: (305) 375-5634 |
| *Electronic service via CM/ECF* | Counsel for Defendant |
| | *No Service Made* |