**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:16-CV-21874-KMM

CUTHBERT HAREWOOD

       Plaintiff,

v.

MIAMI-DADE COUNTY, a political
Subdivision of the State of Florida and JOHN
ALEXANDER, a resident of the State of
Florida,

       Defendants.

## DEFENDANT OFFICER JOHN ALEXANDER'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Miami-Dade Police Officer John Alexander, moves for final summary

judgment on all claims asserted against him in the Second Amended Complaint (ECF No. 4-1).

## INTRODUCTION

Plaintiff is judicially estopped from proceeding with this lawsuit because, while he was

the debtor in bankruptcy proceedings, he ***intentionally concealed this lawsuit as an asset*** in his

disclosure schedules, all of which he submitted under the penalty of perjury.  Specifically, during

the course of ***two*** bankruptcy proceedings, Plaintiff failed to disclose this legal claim, which he

has valued at ***$100 million dollars***.  Courts in the Eleventh Circuit and this District have squarely

condemned the type of fraudulent and deceptive practices in which Plaintiff has engaged.  Under

the doctrine of judicial estoppel, a plaintiff is barred from obtaining monetary damages in a civil

suit (the only relief sought here) for the undisclosed claims he was required to disclose under

penalty of perjury in bankruptcy court proceedings.  Because creditors, the bankruptcy court, and

the trustee all rely on the accuracy of the disclosure statements, concealing a multimillion dollar

lawsuit obstructs the effective functioning of the federal bankruptcy system.  The undisputable facts show that Plaintiff concealed this claim from his creditors and the bankruptcy court. Plaintiff's failure to disclose his claims against the County and Officer Alexander when he filed his bankruptcy schedules, and the corresponding failure to update those schedules after he filed this case, must result in the entry of summary judgment for Officer Alexander.

## FACTS[1]

On July 20, 2013, Plaintiff, Cuthbert Harewood ("Plaintiff"), was arrested by Officer Alexander for battery on a law enforcement officer and resisting arrest without violence.  SMF at ¶ 1.  During the arrest, Officer Alexander deployed his Taser three times.  *Id*. at ¶ 2.  That same night, on July 20, 2013, Plaintiff made the decision to sue Miami-Dade County (the "County") and Officer Alexander.[2]  *Id*. at ¶ 3.

Plaintiff filed voluntary petitions for Chapter 13 bankruptcy in 2013 and 2014.[3] *Id*. at ¶¶ 4-5.  On January 15, 2013, Plaintiff filed a bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida (the "2013 Bankruptcy Proceeding").[4]  *Id*.

---

[1]  A Statement of Undisputed Material Facts ("SMF") and supporting exhibits are being filed concurrently with this motion.

[2]  All claims against the County have been dismissed.  *See* (ECF No. 37).

[3]  Plaintiff also filed for bankruptcy under Chapter 13 in 2011, however that proceeding is not relevant for purposes of this motion.

[4]   Plaintiff has several pseudonyms/aliases, including: (1) Cuthbert Henry Harewood, (2) Broadway Cuthbert Harewood, (3) Cuthbert Henry Williams, (4) Cuthbert Henry Harewood, Jr., and (5) Cuthbert Broadway Harewood.  SMF at 2, n.1. Plaintiff used Cuthbert Henry

Page 2

at ¶ 6.  Plaintiff filed a Summary of Schedules (the "2013 Summary") in the 2013 Bankruptcy Proceeding disclosing his assets and liabilities.  *Id*. at ¶ 7.  Plaintiff also identified various creditors holding claims against him in the 2013 Summary of Schedules.  *Id*. at ¶ 8.  Among that list of creditors, Plaintiff identified five (5) state court lawsuits which resulted in final judgments entered against him as a defendant.  *Id.* at ¶¶ 8-9.

On August 15, 2013, four weeks after his arrest, Plaintiff filed an Amended Summary of Schedules (the "2013 Amended Summary") in the 2013 Bankruptcy Proceeding disclosing his assets and liabilities.  *Id*. at ¶¶ 1, 10.  There, Plaintiff was asked to list ***all contingent and unliquidated claims of every nature***, and give the estimated value of each.  *Id*. at ¶ 11.  Plaintiff failed to disclose his claims against the County and Officer Alexander, which accrued on July 20, 2013.  *Id*. at ¶¶ 12, 1-3.  Plaintiff did, however, disclose $439,223.12 in liabilities.  *Id*. at ¶ 10.  Plaintiff's statements in the 2013 Amended Summary were made under penalty of perjury.  *Id*. at ¶ 13.  After filing the 2013 Amended Summary on August 15, 2013, Plaintiff never updated his asset schedules in the 2013 Bankruptcy Proceeding.  *Id*. at ¶ 14.  The 2013 Bankruptcy Proceeding was dismissed on November 27, 2013 and closed on July 13, 2015.  *Id*. at ¶ 15.  Despite filing suit in this case on April 20, 2015, Plaintiff did not update the bankruptcy court in the 2013 Bankruptcy Proceeding about the existence of this lawsuit.  *Id*. at ¶¶ 14, 30.

On or by June 16, 2014, Plaintiff had already hired an attorney to represent him and initiate this lawsuit.  *Id.* at ¶ 16.  On June 16, 2014, Plaintiff, through his attorney, submitted a

---

Harewood, Jr. as his name in the 2013 Bankruptcy Proceeding and Cuthbert Henry Harewood as his name in the 2014 Bankruptcy Proceeding.  *Id*.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

pre-suit Notice of Claim (the "Notice of Claim") to the County, the Office of the Mayor, and the Florida Department of Financial Services, giving notice of his claims for battery and false arrest arising out of his arrest. *Id*. at ¶ 17.

On August 13, 2014, just two months after serving the Notice of Claim, Plaintiff filed another bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida (the "2014 Bankruptcy Proceeding"). *Id*. at ¶ 18. The 2014 Bankruptcy Proceeding post-dated his arrest by over one year. *Id*. at ¶¶ 1-3, 18. On September 11, 2014, Plaintiff filed a Summary of Schedules (the "2014 Summary") in the 2014 Bankruptcy Proceeding, disclosing his assets and liabilities. *Id*. at ¶ 19. As in the 2013 Bankruptcy Proceeding, Plaintiff was likewise obligated to list ***all contingent and unliquidated claims of every nature***, and give the estimated value of each. *Id*. at ¶ 21. Plaintiff failed to disclose any contingent or unliquidated claims in the 2014 Summary, including his claims against the County and Officer Alexander, which accrued on July 20, 2013. *Id*. at ¶¶ 22, 1-3. Notably, Plaintiff disclosed many lawsuits in which he was a named defendant and owed money, including three state court mortgage foreclosure actions. *Id*. at ¶ 20, 23. The statements contained within the 2014 Amended Summary were made under penalty of perjury. *Id*. at ¶ 24.

On March 11, 2015, Plaintiff filed an Amended Summary of Schedules in the 2014 Bankruptcy Proceeding (the "2015 Amended Summary"), adding creditors and updating his liabilities to reflect more debt. *Id*. at ¶ 25. In the 2015 Amended Summary, Plaintiff added a claim held by another creditor based on a final judgment entered against him in Broward County. *Id*. at ¶ 26. The information submitted in the 2015 Amended Summary increased Plaintiff's total liabilities in the 2014 Bankruptcy Proceeding. *Id*. at ¶ 25. Although he amended his disclosures to reflect more debt, Plaintiff failed to disclose this multimillion dollar lawsuit in the 2015

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

Amended Summary. *Id*. at ¶¶ 27, 31-33. After filing the 2015 Amended Summary on March 11, 2015, Plaintiff did not file any other asset schedules in the 2014 Bankruptcy Proceeding, not even after filing this lawsuit on April 20, 2015. *Id*. at ¶ 29. The statements contained within the 2015 Amended Summary were made under penalty of perjury. *Id*. at ¶ 28.

On April 20, 2015, Plaintiff filed this lawsuit in state court, alleging claims of battery/excessive force and false arrest against the County and one count of battery against Officer Alexander. *Id*. at ¶ 30. Plaintiff, however, never disclosed the claims or the lawsuit to the bankruptcy court in the 2013 or 2014 Bankruptcy Proceedings. *Id*. at ¶ 34. On April 30, 2015, United States Bankruptcy Judge A. Jay Cristol entered an order confirming the Second Amended Chapter 13 Plan (the "Bankruptcy Plan") submitted by Plaintiff in the 2014 Bankruptcy Proceeding. *Id*. at ¶ 35. Under the Bankruptcy Plan, Plaintiff was ordered to tender a monthly payment of $1,391.21 to the trustee for the first ten of sixty months in order to pay 31 creditors. *Id*. at ¶ 36.

Although Plaintiff disclosed civil lawsuits in which he incurred debt to the bankruptcy court, he failed to report those actions or final judgments in responses to discovery in this case. *Id*. at ¶¶ 37-39. During discovery, Officer Alexander served interrogatories to Plaintiff asking whether he had ever been a party in any litigation – civil, criminal, bankruptcy or other. *Id* at ¶ 37. In response, Plaintiff only listed his bankruptcy petitions (14-28291-AJC, 11-43500-AJC, and 13-10890-AJC). *Id*. at ¶ 38. In doing so, Plaintiff failed to disclose any of the lawsuits that he identified in his bankruptcy asset schedules – cases in which he was a named defendant and indebted to numerous creditors. *See id*. at ¶ 39.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

## MEMORANDUM OF LAW

I.    **Plaintiff's Claims are Barred by the Doctrine of Judicial Estoppel Because He Failed to Disclose Them in Bankruptcy While Having Knowledge of the Claims and a Motive for Concealment**

The Eleventh Circuit has "repeatedly recognized that when a debtor fails to disclose a pending lawsuit to the bankruptcy court, while having knowledge of the lawsuit and a motive to conceal it, the doctrine of judicial estoppel bars the undisclosed action from proceeding." *Dunn v. Advanced Med. Specialties, Inc.*, 556 F. App'x 785, 788 (11th Cir. 2014); *see also Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010); *Barger v. City of Cartersville*, 348 F.3d 1289, 1296-97 (11th Cir. 2003); *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003); *Burnes v. Pemco Aeroplex*, 291 F.3d 1282, 1285-88 (11th Cir. 2002). Plaintiff failed to disclose his claims against the County and Officer Alexander when he filed his bankruptcy schedules and further failed to update those schedules after he filed this case. Because property of a bankruptcy estate includes ***all potential causes of action*** existing at time the petitioner files for bankruptcy, judicial estoppel bars Plaintiff's lawsuit against Officer Alexander. *See Barger*, 348 F.3d at 1292 (citing 11 U.S.C. § 541(a)).

The doctrine of judicial estoppel is "designed to prevent parties from making a mockery of the judicial system by filing inconsistent pleadings." *Burnes*, 291 F.3d at 1285 (internal quotations omitted). "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id*. (internal citations and quotations omitted). "In the Eleventh Circuit, courts consider two factors in the application of judicial estoppel to a particular case." *Id.* "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a

Page 6

mockery of the judicial system." *Id*. (quoting *Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir. 2001)).

Following the Eleventh Circuit's precedent on this issue, several courts in this District have likewise applied judicial estoppel to bar a proceeding in cases where a debtor fails to disclose and conceals known claims from the bankruptcy court. *See, e.g., Silva v. Pro Transp.*, No. 15-23028-Civ-Scola, 2016 WL 4809787, at *1 (S.D. Fla. Jan. 13, 2016) (Scola, J.); *Milian v. Wells Fargo & Co.*, 507 B.R. 386 (S.D. Fla. 2014) (Moore, J.); *Taylor v. Novartis Pharms. Corp.*, 506 B.R. 157 (S.D. Fla. June 27, 2013) (Cohn, J.); *Alvarez v. Royal Atl. Developers, Inc.*, 854 F.Supp.2d 1219 (S.D. Fla. 2011) (Lenard, J.). Because the rule is intended to protect the essential integrity of the judicial process, and prevent "improper use of judicial machinery, judicial estoppel is invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal citations and quotations omitted). The district court makes the predicate factual findings necessary to invoke the estoppel and those findings are reviewed for clear error. *See Robinson*, 595 F.3d at 1273. Consequently, because judicial estopped is an equitable doctrine invoked at the court's discretion, the court may draw inferences and make factual findings based on the record evidence. *Id*.

## A. Plaintiff Made Inconsistent Statements Under Oath

As to the first factor, Plaintiff failed to disclose the claims at issue as contingent or unliquidated claims in the 2013 and 2014 Bankruptcy Proceedings. Compounding his fraudulent conduct, Plaintiff also failed to update the bankruptcy court once he filed the lawsuit here. In the 2013 Bankruptcy Proceeding, Plaintiff failed to disclose the claims at issue in the 2013 Amended Summary, filed on August 15, 2013. By that time, Plaintiff had admittedly already made up his mind to sue the County and Officer Alexander. SMF at ¶ 3; Ex. C at 225:13-17, 267:2-5. Then,

in the 2014 Bankruptcy Proceeding, Plaintiff failed to disclose the claims in 1) the 2014 Bankruptcy Petition; 2) the 2014 Summary of Schedules; or 3) the 2015 Amended Summary, all of which were filed after his arrest, when is when his claims accrued.  Even after Plaintiff hired a lawyer, submitted the Notice of Claim to the County about his arrest, and formally filed suit on April 20, 2015, he failed to update the bankruptcy court in either the 2013 or 2014 Bankruptcy Proceedings to include the claims before this Court.

Plaintiff submitted his financial disclosures in the 2013 and 2014 Bankruptcy Proceedings under penalty of perjury, attesting that the facts contained therein were true and correct.  These declarations had the same force and effect as a statement given under oath.  *See* 28 U.S.C. § 1746.  It is undisputed that a pending lawsuit seeking monetary compensation qualifies as an asset belonging to the bankruptcy estate.  *See Robinson*, 595 F.3d at 1274 (citing 11 U.S.C. § 1303).  Although explicitly asked to list ***all contingent and unliquidated claims of every nature***, Plaintiff listed none.  Plaintiff never disclosed that he had contingent tort and/or constitutional claims against the County and/or Officer Alexander, nor did he disclose the lawsuit once it was filed, although 11 U.S.C. § 521 required him to do so.  Plaintiff's disclosures in the 2013 Amended Summary, 2014 Summary, and 2015 Amended Summary are inconsistent and they were made under oath.

By contrast, and obviously to his benefit, Plaintiff disclosed to the bankruptcy court his mounting financial liabilities, including several claims resulting in final judgments held against him by creditors—claims in which he was a named defendant.  While Plaintiff was more than willing to inform the bankruptcy court about his litigation history in exchange for the benefits of bankruptcy protection, he failed to disclose those cases in this lawsuit.  *See Alvarez*, 854 F.Supp.2d at 1228 (applying judicial estoppel and granting judgment in favor of defendant based

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

on plaintiff's intentional manipulation of both the district court and the bankruptcy court when plaintiff failed to advise the bankruptcy court of his federal lawsuit, and also concealed his bankruptcy proceeding from the district court).

The "property of [a] bankruptcy estate includes *all potential causes of action* existing at time petitioner files for bankruptcy."  *Barger*, 348 F.3d at 1292 (citation omitted) (emphasis added); *see also Casanova v. Pre Solutions, Inc.*, 228 F. App'x 837, 841 (11th Cir. 2007) (applying judicial estoppel when plaintiff failed to disclose EEOC charges to bankruptcy court; such charges constituted potential causes of action, therefore, plaintiff's failure to disclose them warranted application of judicial estoppel doctrine); *Silva*, 2016 WL 4809787, at *2 (applying judicial estoppel and granting judgment in favor of defendant where plaintiff failed to report his action to recover unpaid wages as a contingent or potential asset in an ongoing bankruptcy proceeding).  Therefore, when Plaintiff made the decision to sue Officer Alexander on July 20, 2013, and again when he presented a Notice of Claim to the County on June 16, 2014, he had a duty to disclose his potential tort and constitutional claims in the schedules filed in the 2014 Bankruptcy Proceeding.  As to the 2013 Bankruptcy Proceeding, Plaintiff had a duty to amend his sworn schedules and update the bankruptcy court immediately after the claims accrued.

At the very least, Plaintiff had a duty to amend his asset schedules in the 2014 Bankruptcy Proceedings once he filed this lawsuit in state court.  "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change."  *Burnes*, 291 F.3d at 1286. Indeed, the debtor has "a statutory duty to amend her schedule of assets to reflect" the filing of new lawsuits.  *Robinson*, 595 F.3d at 1274.  Plaintiff was obliged, and failed, to update the bankruptcy court in the 2014 proceedings upon commencement of this lawsuit in April 20, 2015.

Page 9

By failing to amend his schedule of assets, Plaintiff represented that he had no legal claim – and therefore no potential right to recover through civil actions – to the bankruptcy court, while simultaneously pursuing this case in state court.  This failure to amend and update is significant, especially where the bankruptcy court entered an order confirming Plaintiff's Chapter 13 Plan on April 30, 2015 in the 2014 Bankruptcy Proceeding—just ten days after Plaintiff commenced this action in state court.  *See D'Antignac v. Deere & Co.*, 604 F. App'x 875, 878 (11th Cir. 2015) (quoting *Waldron v. Brown (In re Waldron)*, 536 F.3d 1239, 1245 (11th Cir. 2008) (holding that the bankruptcy court "'is entitled to learn about a substantial asset that the court had not considered when it confirmed the debtors' plan.'")).  As the Eleventh Circuit explained in *Burnes*, "[f]ull and honest disclosure in a bankruptcy case is crucial to the effective functioning of the federal bankruptcy system. . . . Accordingly, ***the importance of full and honest disclosure cannot be overstated***."  291 F.3d at 1286 (quotations omitted) (emphasis added).

The Eleventh Circuit's decision in *Robinson* controls this matter.  There, Judge Fay addressed the issue of whether a debtor's failure to update her bankruptcy schedule to disclose a civil rights lawsuit postdating the bankruptcy petition amounted to inconsistent positions taken under oath, thereby subjecting the debtor to judicial estoppel.  595 F.3d at 1272.  Robinson filed for Chapter 13 bankruptcy in 2002, and in October 2006, while her bankruptcy case was still pending, she filed a civil rights lawsuit against her employer alleging unlawful employment practices.  *Id*.  Robinson did not update her bankruptcy disclosures to include her lawsuit.  *Id*. Applying the principle of judicial estoppel, the Court affirmed summary judgment against Robinson, holding that Robinson's failure to update her bankruptcy schedule to reflect her pending claim while simultaneously pursuing her legal claim in the district court amounted to taking inconsistent positions under oath.  *Id*. at 1275.  The Court explained that the "failure to

Page 10

timely amend a Chapter 13 reorganization plan to reflect a pending claim while simultaneously pursuing that claim in another court of law constitutes inconsistent positions under oath." *Id*.; *see also Ajaka v. Broomsamerica Mortgage Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006) (failure to amend bankruptcy filings to disclose later claim constitutes inconsistent positions under oath).

Likewise here, Plaintiff failed to disclose his contingent claim to the bankruptcy court. Through his omission, he continued to represent to the bankruptcy court that he had no contingent claims, despite its accrual and while simultaneously presenting this claim to the County in June 2014.  Thereafter, Plaintiff filed this lawsuit on April 20, 2015, and failed to apprise the bankruptcy court of this asset.  "A debtor seeking shelter under the bankruptcy laws must disclose all assets, ***or potential assets***, to the bankruptcy court." *Burnes*, 291 F.3d at 1286 (citing 11 U.S.C. § 521(1), and 541(a)(7)) (emphasis added).  Plaintiff's failure to disclose this claim for millions of dollars in damages deprived the bankruptcy court and trustee of important information concerning potential assets that could have increased the value of the estate for creditors.  Accordingly, Plaintiff should be judicially estopped from pursuing these undisclosed claims and judgment should follow for Officer Alexander.

**B.  Plaintiff's Inconsistent Positions Make a Mockery of the Judicial System**

Plaintiff knew of this claim before filing his 2013 Amended Summary, 2014 Summary, and 2015 Amended Summary, and thus, had requisite intent necessary to subject him to judicial estoppel.  When considering a party's intent for the purposes of judicial estoppel, the Eleventh Circuit requires "intentional contradictions, not simple error or inadvertence." *Robinson*, 595 F.3d 1275.  However, in "considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory duty to disclose is 'inadvertent' only when, in general, the debtor either ***lacks knowledge*** of the undisclosed claims or ***has no motive*** for their concealment." *Id*. (quoting

Page 11

*Barger*, 348 F.3d at 1295-96) (emphasis added).  It is undisputed that Plaintiff had knowledge of his claims and this lawsuit during the pendency of his 2013 and 2014 Bankruptcy Proceedings.

The only remaining issue is whether Plaintiff had a motive to conceal these claims.  In the bankruptcy context, "the motive to conceal stems from the ***possibility*** of defrauding the courts and not from any actual fraudulent result."  *Id.* at 1275 (emphasis added).  Thus, it is irrelevant whether Plaintiff actually received any benefit from his concealment or what his specific intent was at the time.  What does matter is that he ***could*** derive some benefit from his failure to disclose these claims.  *Id*. (finding that the application of judicial estoppel does not require that the nondisclosure lead to a different result in the bankruptcy proceeding) (citation omitted).  "While an estopped party's contradiction must be intentional, such intent may be inferred from the record."  *Id*. (citing *Burnes*, 291 F.3d at 1285).  "This inference is considered a factual finding by the court and held to a clearly erroneous standard."  *Id*.  Furthermore, when evaluating potential motive, "the relevant inquiry is intent at the time of non-disclosure."  *Id*. at 1276 (citing *Casanova*, 228 F. App'x at 841).

Here, Plaintiff had a clear motive to conceal the claims in this lawsuit from the bankruptcy court because he could keep for himself any monetary compensation received in this case instead of turning it over to his creditors.  The Eleventh Circuit found motive to conceal under similar circumstances.  "Robinson had a motive to conceal her claim because if 'she realized any proceeds from the suit prior to the discharge of her bankruptcy . . . she could have kept the proceeds for herself without their becoming part of the bankruptcy estate and going to her creditors to satisfy her debts.'"  *Robinson*, 595 F.3d at 1275-76.  Similarly, as explained below, Plaintiff had a motive to conceal these claims in order to obtain more favorable terms

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

from his creditors and the bankruptcy court in the Order Confirming Chapter 13 Plan, entered ten days after he filed his complaint in state court.

In the 2013 Bankruptcy Proceeding, Plaintiff filed the 2013 Amended Summary (approximately four weeks after his arrest) and disclosed close to $500,000 in liabilities, but denied having any contingent or unliquidated claims. The 2013 Bankruptcy Proceeding was closed on July 13, 2015 and Plaintiff failed to advise the bankruptcy court of the existence of these claims or the initiation of this lawsuit at any point. Then, in the 2014 Bankruptcy Proceeding, which was initiated on August 13, 2014, Plaintiff again disclosed information pertinent to his assets and liabilities, but denied the existence of any contingent or unliquidated claims. On September 11, 2014, Plaintiff even updated the bankruptcy court about an additional $5,840.65 claim arising out of a Broward County lawsuit in which Plaintiff was the named defendant, and again failed to report this lawsuit to the bankruptcy court. Ten days later, the bankruptcy court confirmed the Bankruptcy Plan without having full and accurate financial disclosures.

Under these circumstances, Plaintiff had an obvious motive to conceal this claim from his creditors, the bankruptcy trustee, and the bankruptcy court—ensuring that the proceeds of any settlement or judgment would be realized by him alone and not applied to satisfy his debt. Furthermore, by concealing this lawsuit, Plaintiff reduced his monthly payment under the Bankruptcy Plan. Pursuant to the Bankruptcy Plan confirmed by Judge Cristol just ten days after Plaintiff filed this lawsuit, Plaintiff was order to tender a monthly payment of $1,391.21 to the trustee for the first ten of sixty months in order to pay 31 creditors. Had Plaintiff disclosed the claims in this lawsuit, his 31 creditors and the trustee may have treated the claims as an increase in Plaintiff's asset value and thus demanded a higher repayment amount. *See De Leon*, 321 F.3d

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

at 1292 (finding that the plaintiff had motive for concealment "because his amount of repayment would be less" without disclosing claims).

Additionally, while knowledge and a motive to conceal are alone sufficient to support the application of judicial estoppel, the facts here go beyond the necessary showing to invoke judicial estoppel because they demonstrate that Plaintiff defrauded or attempted to defraud his myriad creditors.[5]   Plaintiff informed the bankruptcy court, trustee, and his creditors in the 2013 and 2014 Bankruptcy Proceedings of the many civil lawsuits which resulted in final judgments for the purpose of shielding himself from the obligation of fully repaying his creditors.  By filing the 2015 Amended Summary, Plaintiff confirmed that he knew how important it was to notify the bankruptcy court about any changes in his assets and liabilities.  While Plaintiff carried out this responsibility as it related to *liabilities*, he did not follow through when it came to disclosing *assets*.  Where he stood to gain, in his estimation, $100 million dollars in compensatory damages as a result of this lawsuit, Plaintiff concealed the information from the 2013 and 2014

---

[5]   In response to discovery requests in this lawsuit, Plaintiff identified himself as the Vice President of Broadway Nonstop Production LLC, a company created in 2009.  SMF at ¶ 41-42. However, in the 2014 Summary, Plaintiff denied being an officer in *any* business within the six years immediately preceding the commencement of the 2014 Bankruptcy Proceeding.  *Id*. at ¶ 40.  Broadway Nonstop Production LLC is funded through rental payments, which are paid in cash, collected from commercial properties that Plaintiff owns.  *Id*. ¶¶ 45-46.  Plaintiff has access to withdraw money from the bank account associated with Broadway Nonstop Production LLC. *Id*. at ¶ 48.  Plaintiff has admittedly failed to file income tax returns in the past three to four years as of 2016.  SMF at ¶ 49.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

Bankruptcy Proceedings.   Thus, the undisputable record shows not only that Plaintiff had knowledge of these claims and a motive to conceal them, but that he additionally knew of his duty to update his disclosures to reflect a change in assets.

The undisputed facts show that Plaintiff has played fast and loose with the courts to suit the exigencies of self-interest.   Plaintiff failed to update his bankruptcy disclosures despite his duty to do so and he had a clear motivation to conceal his unasserted claims and this lawsuit from the bankruptcy court.   This Court has the authority to put a stop to Plaintiff's ongoing shell game.   Plaintiff must be judicially estopped from proceeding with this lawsuit because he is taking a position in this case that is inconsistent with what he represented under oath to the bankruptcy court – *that this lawsuit did not exist* – thereby making a mockery of the judicial system.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

## CONCLUSION

For these reasons, the Court should enter summary judgment for Officer John Alexander.

Dated: January 13, 2017

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant*
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida  33128

By:  s/ *Jennifer L. Hochstadt*
    Jennifer L. Hochstadt
    Florida Bar No. 56035
    E-mail: hochsta@miamidade.gov
     s/ *Bernard Pastor*
    Bernard Pastor
    E-mail: pastor@miamidade.gov
    Assistant County Attorneys
    Phone: (305) 375-5151
    Fax:  (305) 375-5611

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2017, a true and correct copy of the foregoing was served on all counsel of record in the manner indicated on the Service List below.

 s/ *Jennifer L. Hochstadt*
Assistant County Attorney

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

## SERVICE LIST

**Counsel for Plaintiff**
Hilton Napoleon, Esq.
e-mail: hnapoleon@rascoklock.com
RASCO KLOCK PEREZ NIETO
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Tel: (305) 476-7111
Fax: (305) 675-7707

*Electronic service via CM/ECF*

**Counsel for Officer John Alexander**
Jennifer L. Hochstadt
E-mail: hochsta@miamidade.gov
Bernard Pastor
E-mail: pastor@miamidade.gov
Miami-Dade County Attorney's Office
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Tel: (305) 375-5151
Fax: (305) 375-5611

*No service necessary*

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151