**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 16-CV-21874-KMM

CUTHBERT HAREWOOD,

        Plaintiff,

v.

MIAMI-DADE COUNTY, a political
subdivision of the State of Florida and
JOHN ALEXANDER, a resident of
the State of Florida,

        Defendants.

_____/

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE

Plaintiff, Cuthbert Harewood ("Mr. Harewood"), moves for an Order of this Court excluding the following evidence pursuant to the Federal Rules of Evidence (FRE) in order to promote the orderly and efficient process of trial and to avoid having to make the objection in the presence of the jury:

### MOTION IN LIMINE NO. 1: EXCLUDE ANY REFERENCE BY ANY WITNESS THAT THE DEFENDANT HAD PROBABLE CAUSE TO SEIZE MR. HAREWOOD

No expert, or any other lay witness, is permitted to testify that the Defendant had probable cause to seize Mr. Harewood. Such testimony would intrude upon the jury's function to decide one of the ultimate issues in this case and would impermissibly express a legal conclusion. *See Whitmill v. City of Philadelphia*, 29 F. Supp. 2d 241, 246 (E.D. Pa. 1998) (Hart, M.J.)(police expert was not permitted to offer an opinion on the legality of the plaintiff's seizure because the issue "was a matter for the jury to decide after proper instruction from the court" and the expert testimony "would have usurped the role of the court and the jury").

**MOTION IN LIMINE NO. 2: EXCLUDE ANY REFERENCE
BY ANY WITNESS THAT THE AMOUNT OF FORCE USED
BY THE DEFENDANT WAS REASONABLE AND
<u>WARRANTED UNDER THE CIRCUMSTANCES</u>**

No expert, or any other lay witness, is permitted to offer an opinion as to whether the force used by an officer was reasonable and warranted under the circumstances.  Again, such testimony would intrude upon the jury's function to decide one of the ultimate issues in this case and would impermissibly express a legal conclusion.  *See Whitmill v. City of Philadelphia*, 29 F. Supp. 2d 241, 246 (E.D. Pa. 1998) (Hart, M.J.).

**MOTION IN LIMINE NO. 3: PRECLUDE THE DEFENDANT'S
EXPERT, DR. GARY VILKE, FROM OPINING ON MATTERS
<u>OUTSIDE OF HIS AREA OF EXPERTISE</u>**

Mr. Harewood does not dispute that Dr. Gary Vilke has the relevant experience to testify about the effects of tasers on the human body.  Nevertheless, Dr. Vilke has expressed several expert opinions in his report which are either totally outside his area of expertise or amounts to an improper comment on a witness's credibility.   Specifically, Dr. Vilke makes the following improper claims:

a.  Just because the TASER ECD download recorded a trigger pull, does not mean that the TASER ECD was indeed in contact with the subject and delivering the electrical stimulus.  (Dr. Vilke is not an expert on how tasers function)

b.  I am not convince that there is a true complete lack of an ability to get an erection as Mr. Harewood reports occurring for the last three and a half years. (improper comment on credibility)

c.  If there is a psychological component to Mr. Harewood's erectile dysfunction, it would be most likely related to the life threatening traumatic event of being shot four times.  (Dr. Vilke is not a psychiatrist or psychologist)

d.  Much of his psychological issues, including depression, stress, anxiety, drinking, and other issues appear to have started or accelerated after this life-threatening event in January, 2014. And as Ms. Morin noted in her record, sex is not only physical - mental and emotional feelings play a role.  (Dr. Vilke is not a psychiatrist or psychologist)

e.  Mr. Harewood's Incontinence of urine in public is a very dramatic and typically memorable event because of its embarrassing nature.  However, I find it remarkable that his wife cannot recall more than one of these publicly occurring events.  (improper comment on credibility)

f.  Though I do believe that Mr. Harewood likely had an episode of incontinence at the time of his arrest, TASER ECD activation, and going to jail, the lack of clarity about the frequency, volume, locations, and details of his urinary incontinence is suspicious for fabrication or exaggeration.  (improper comment on credibility; Dr. Vilke is not a urologist)

g.  In addition, his medical records do not reflect any ongoing evaluations or therapies regarding this issue that he claims is chronic and humiliating, supporting my suspicion that he probably does not have significant urinary incontinence at all.  (improper comment on credibility; Dr. Vilke is not a urologist)

h.  If Mr. Harewood does in fact have some occasional incontinence as he reports, it is more likely to be because of the trauma and associated stress of being shot and having a life-threatening event occur. His urinary incontinence at the time of his arrest implies that he can have urinary incontinence in a stressful situation.  (Dr. Vilke is not a psychiatrist, psychologist, or urologist)

i.  The fact that Mr. Harewood had a near death experience and ongoing psychological issues following it, and reports intermittent incontinence since then is more likely to be from the gunshot event and the stress and ongoing anxiety related to nearly dying, rather than to a single TASER ECD event occurring much earlier.  (Dr. Vilke is not a psychiatrist, psychologist, or urologist)

First and foremost, Dr. Vilke's testimony about a witness's credibility is clearly impermissible under Fed. R. Evid. 702.  "Evaluation of witness credibility is the exclusive function of the jury."  Bhaya v. Westinghouse Elec. Corp., 832 F.2d 258, 262 (3d Cir. 1987) (citing Carter v. Duncan-Huggins, Ltd., 727 F.2d 1225, 1234 (D.C. Cir. 1984)).  Additionally, Dr. Vilke is neither a psychiatrist, psychologist, nor urologist. Therefore, it is wholly inappropriate for Dr. Vilke to offer his opinion on these topic, which are clearly outside his area of expertise.

## MOTION IN LIMINE NO. 4: PRECLUDE THE DEFENDANT FROM REFERRING TO HIS WITNESSES AS EXPERTS IN FRONT OF THE JURY

Mr. Harewood respectfully requests an order precluding Defense counsel or any witnesses from referring to anyone as an "expert."  Although the FRE refer to witnesses with specialized knowledge as "experts," it does not follow that the jury should be told that the witness is an "expert" or had been deemed an "expert" by the court.  The Advisory Committee Notes to FRE 702 endorse the "practice that prohibits the use of the term 'expert' by both the parties and the court at trial," on the ground that referring to or qualifying the witness as an "expert" before the jury put an imprimatur of the court on the witness.

## MOTION IN LIMINE NO. 5: EXCLUDE THE DEFENDANT
## MUGSHOT FROM BEING INTRODUCED

Mr. Harewood respectfully request an order excluding the use of his "mug shot" at the time of trial.   The Defendants may attempt to use Mr. Harewood's "mug shot" to portray him in a negative light or to call undue attention to the fact that he was arrested on July 20, 2013. This purpose is irrelevant and prejudicial.  *U.S. v. Fosher*, 568 F.2d 207, 213-17 (1st Cir. 1978)(trial judge should not have admitted mug shots in a manner that clearly let the jury know that they were mug shots).

## MOTION IN LIMINE NO. 6: PRECLUDE THE DEFENDANT
## FROM REFERRING TO MR. HAREWOOD'S MEDICAL
## RECORDS THAT ARE IRRELEVANT TO HIS INJURIES
## SUFFERED AS A RESULT OF THIS INCIDENT

The Defendant will likely attempt to improperly focus Mr. Harewood's gunshot wound that he suffered on January 28, 2014.  However, Rule 401 states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. *Sprint/United Mgmt. Co. v. Medelsohn*, 552 U.S. 379, 388 (2008). Rule 402 specifically prohibits irrelevant evidence.  Here, the only relevant medical records are those which directly relate Mr. Harewood's damages claim against Officer Alexander for using excessive force.  The fact the Mr. Harewood was shot on January 28, 2014, is irrelevant and unduly prejudicial.

## MOTION IN LIMINE NO. 7: PRECLUDE THE DEFENDANT
## FROM INFORMING THE JURY THAT MS. COLEMAN SAID
## THAT SHE HAD GIVEN A RIDE TO A PROSTITUTE

Mr. Harewood refers to Ms. Coleman as his common-law wife.  Both Mr. Harewood and Ms. Coleman are beacons of hope in Liberty City to people from all walks of life.  Ms. Coleman claimed in her deposition that she had given a ride to a prostitute before the Defendant pulled her over for not having a license plate on her vehicle.  There is no suggestion whatsoever that the

Defendant every saw this person, noticed that she was a prostitute, saw her inside of Ms. Coleman's vehicle, or saw her engage in illegal behavior.  The Defendant seeks to elicit this testimony to assassinate the character of the Defendant's common law wife.  Such evidence should be excluded because the probative value of such testimony is clearly outweighed by the prejudicial effect.

Based on the foregoing, Plaintiff, Cuthbert Harewood, respectfully requests that this Court exclude the aforementioned evidence for the reasons stated above.

**Dated**: January 13, 2017.

Respectfully Submitted,

Hilton Napoleon Esq., FBN 17593
RASCO KLOCK PEREZ NIETO
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7100
Facsimile: 305.476.7102
hnapoleon@rascoklock.com

*Counsel for the Plaintiff, Cuthbert Harewood*

By: /s/ Hilton Napoleon, II
    Hilton Napoleon, II

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Rule 7.1(a)(3) of the Local Rules of the Southern District of Florida, undersigned counsel certifies that he has conferred with opposing counsel via telephone and email on January 13, 2017 in a good faith effort to resolve the issues raised in this motion but the parties were unable to do so.

By:  /s/ Hilton Napoleon, II
      Hilton Napoleon, II

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2017, I have filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel and parties of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ Hilton Napoleon, II
      Hilton Napoleon, II