UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-21874-KMM

CUTHBERT HAREWOOD,

    Plaintiff,

v.

MIAMI-DADE COUNTY, a political
Subdivision of the State of Florida and
JOHN ALEXANDER, a resident of the
State of Florida,

    Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

THIS CAUSE is before the Court on Defendant John Alexander's Motion for Summary Judgment (ECF No. 65). Plaintiff filed a Response (ECF No. 88) and Defendant filed a Reply (ECF No. 94). The Parties also filed Supplemental Memoranda (ECF Nos. 105, 107, 108) which the Court has considered. The matter is now ripe for review.

UPON CONSIDERATION of the Motion, the Response, the Reply, the Supplemental Memoranda, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND[1]**

    A.    The Present Action

---

[1] The Court assumes familiarity with the facts as set forth in the Court's Order Granting Miami-Dade County's Motion to Dismiss (ECF No. 37). The facts detailed herein are limited to those relevant to the present motion and are taken from the Second Amended Complaint (the "Complaint") (ECF No. 4), Defendant's Statement of Undisputed Material Facts ("Def.'s 56.1") (ECF No. 66), Plaintiff's Statement of Material Facts in Opposition to Motion for Summary Judgment ("Pl.'s 56.1") (ECF No. 89), and a review of the corresponding record citations and submitted exhibits.

On July 20, 2013, Officer John Alexander ("Defendant" or "Officer Alexander") arrested Cuthbert Harewood ("Plaintiff") for battery on a law enforcement officer and resisting arrest without violence. Def's 56.1, ¶ 1. During the arrest, Defendant deployed his Taser three times. *Id.* ¶ 12. The details of the underlying action are not, however, the crux of the matter. The procedural history and Plaintiff's history of litigating in bankruptcy court are of much greater import in ruling upon this motion for summary judgment.

On April 20, 2015, Plaintiff filed the instant action. Notice of Removal (ECF No. 1), ¶ 1. Plaintiff amended the complaint to include two state law claims against Miami-Dade County (the "County"). *Id.* Plaintiff then filed a Second Amended Complaint (the "Complaint") on June 19, 2016, alleging a deprivation of his rights under the First and Fourth Amendments of the United States Constitution. *Id.* On May 24, 2016, Defendants removed the action to this Court. Notice of Removal (ECF No. 1). Following removal, the County moved to dismiss all of the claims alleged against it in the Complaint. Motion to Dismiss (ECF No. 11). The Court dismissed with prejudice all claims against the County. Order Granting Motion to Dismiss (ECF No. 37).

The remaining claims alleged against Officer Alexander are: Fourth Amendment Excessive Force (Count V); Fourth Amendment False Arrest (Count VI); and First Amendment Retaliation (Count VII). Defendant moves for summary judgment on all of the claims asserted against him on the basis of equitable estoppel.

B.  Plaintiff's Bankruptcy Proceedings

Plaintiff filed voluntary petitions for Chapter 13 bankruptcy in 2013 and 2014. Def's 56.1, ¶¶ 4–5. On January 5, 2013, Plaintiff filed a bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida (the "2013 Bankruptcy Proceeding"). In conjunction with the 2013 Bankruptcy Proceeding, Plaintiff filed a Summary of Schedules (the

2

"2013 Summary") disclosing his assets and liabilities. *Id.* ¶ 7. Therein Plaintiff also identified various creditors holding claims against him. *Id.* ¶ 8. Included in the list of creditors, Plaintiff identified five state court lawsuits which resulted in final judgments entered against him as a defendant. *Id.* ¶¶ 8–9.

On August 15, 2013, Plaintiff filed an Amended Summary of Schedules (the "2013 Amended Summary") in the 2013 Bankruptcy Proceeding disclosing his assets and liabilities. *Id.* ¶¶ 1, 10. Plaintiff was instructed to list "all contingent and unliquidated claims of every nature" and to provide the estimated value of each. *Id.* ¶ 11. Plaintiff disclosed $439,223.12 in liabilities. *Id.* ¶ 10. Plaintiff did not subsequently amend or update his asset schedules in the 2013 Bankruptcy Proceeding. *Id.* ¶ 14. The 2013 Bankruptcy Proceeding was dismissed on November 27, 2013, and closed on July 13, 2015. *Id.* ¶ 15.

On August 13, 2014, Plaintiff filed another bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida (the "2014 Bankruptcy Proceeding"). *Id.* ¶ 18. On September 11, 2014, Plaintiff filed a Summary of Schedules (the "2014 Summary") in the 2014 Bankruptcy Proceeding, therein disclosing his assets and liabilities. *Id.* ¶ 19. Plaintiff was obligated to list "all contingent and unliquidated claims of every nature." *Id.* ¶ 21. Plaintiff disclosed several lawsuits in which he was a named defendant and owed money, including three state court mortgage foreclosure actions. *Id.* ¶¶ 20, 23. On March 11, 2014, Plaintiff filed an Amended Summary of Schedules in the 2014 Bankruptcy Proceeding (the "2015 Amended Summary"), adding creditors and updating liabilities to reflect additional debt. *Id.* ¶ 25. Plaintiff also included a claim held by another creditor based on a final judgment entered against him in Broward County. *Id.* ¶ 26. The information included in the 2015 Amended Summary increased Plaintiff's total liabilities in the 2014 Bankruptcy Proceeding. *Id.* ¶ 25. After filing the 2015

Amended Summary, Plaintiff did not file any other asset schedules in the 2014 Bankruptcy Proceeding. *Id.* ¶ 29.

On April 30, 2015, Judge Cristol of the United States Bankruptcy Court for the Southern District of Florida entered an order confirming the Second Amended Chapter 13 Plan (the "Bankruptcy Plan"), ordering, among other things, that Plaintiff was to pay $1,391.21 to the trustee for the first ten of sixty months in order to pay thirty-one creditors. *Id.* ¶¶ 35–36.

## II.     LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed R. Civ. P. 56. A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation or conjecture cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v.*

4

*Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.   DISCUSSION

Defendant argues that summary judgment is appropriate because Plaintiff's claims are barred by the doctrine of judicial estoppel. This is so, Defendant argues, due to Plaintiff's failure to disclose the claims at issue in this case in his bankruptcy proceedings.

Judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) (internal citations and quotations omitted). In deciding the applicability of judicial estoppel, the Court considers five factors: (1) whether the present position is clearly inconsistent with the earlier position; (2) whether another tribunal accepted the earlier position; (3) whether the party advancing the inconsistent position would derive an unfair advantage; (4) whether the allegedly inconsistent positions were made under oath in a prior proceeding; and (5) whether the inconsistencies were calculated to make a mockery of the judicial system. *D'Antignac v. Deere & Co.*, 604 Fed. App'x 875, 877 (11th Cir. 2015). The last two factors are not "inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case." *Id.* (internal citation omitted).

The law in the Eleventh Circuit recently shifted.[2] In *Slater v. U.S. Steel*, an *en banc* panel of the Court of Appeals for the Eleventh Circuit reaffirmed "that a district court may apply judicial estoppel when a two-part test is satisfied: the plaintiff (1) took a position under oath in the bankruptcy proceeding that was inconsistent with plaintiff's pursuit of the civil lawsuit and (2) intended to make a mockery of the judicial system." *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017). But intent is no longer inferred by the mere omission of a civil claim in a bankruptcy filing. Departing from prior precedent, in *Slater*, the Eleventh Circuit held that "when determining whether a plaintiff who failed to disclose a civil lawsuit in bankruptcy filings intended to make a mockery of the judicial system, a district court should consider all the facts and circumstances of the case." *Id.* at 1176.

To assist district courts in assessing intent, the *Slater* Court stated that

[w]hen the plaintiff's inconsistent statement comes in the form of an omission in bankruptcy disclosures, the court may consider such factors as the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was a party, and any findings or actions by the bankruptcy court after the omission was discovered.

*Slater v. U.S. Steel*, 871 F.3d at 1185. This list of factors to consider is non-exhaustive and the Court emphasized the district court's freedom "to consider any fact or factor it deems relevant to the intent inquiry." *Id.* at n.9.

Because it is not disputed that Plaintiff omitted this civil action from his bankruptcy filings, the Court looks to only the second part of the test for employing judicial estoppel—intent to make a mockery of the judicial system. Defendant argues that summary judgment is

---

[2] The Court stayed this matter pending the Eleventh Circuit's decision in *Slater v. U.S. Steel*, 871 F.3d 1174 (2017), and lifted the stay following the decision (ECF No. 101).

warranted here because Plaintiff's inconsistent statements were calculated to make a mockery of the judicial system and in support of this argument points to Plaintiff's level of sophistication, failure to correct the relevant financial disclosures, self-serving affidavit, and identification of other civil lawsuits. Plaintiff opposes each of Defendant's arguments.

As to Plaintiff's sophistication, Defendant cites Plaintiff's own characterization of himself as a businessman, Plaintiff's ownership and management of at least thirty-one properties, his role as the registered agent and Vice President of two corporations, and his knowledge of the legal process. In response, Plaintiff argues that this is a mischaracterization and points to his lack of formal education following high school and history of employment. Plaintiff also states that he is removed from management of the cited businesses and that they are really managed by another individual, whom he describes as his common-law wife.

The record is replete with Plaintiff's inconsistencies on the subject of his sophistication. One such example is Plaintiff's testimony regarding his role in his business endeavors, which includes ownership of at least thirty-one properties. At a deposition, when asked how Plaintiff purchases the properties he owns, Plaintiff testified: "[q]uick claim deeds, some of them; borrow money on some of them; borrow money on property to purchase more property." Harewood Dep. Tr. (ECF No. 66-2) at 26:14–16. But now, when sophistication is at issue, Plaintiff states that his "role is to perform trivial maintenance, such as mowing the lawns or other minor tasks." Pl.'s Supplemental Mem. in Opp. to Def.'s Mot. for Summary Judgment (ECF No. 107) at 3. Although the record does support Plaintiff's contention that he was not involved in all aspects of managing the properties he owns, Plaintiff's testimony on the matter does not support his argument that he only performed trivial maintenance on the properties.

Defendant also says Plaintiff's failure to amend his disclosures is further evidence of his intent to make a mockery of the judicial system. Plaintiff concedes that he never corrected the financial disclosures to reflect his claims against Miami-Dade County and Officer Alexander. Pl.'s Reply to Mot. for Summary Judgment ("Reply") (ECF No. 94) at 4–5. But Plaintiff states that he disclosed the existence of his civil rights lawsuit to his bankruptcy counsel and relies upon his own affidavit (ECF No. 89-3) and his Motion to Depose his bankruptcy counsel in support (ECF No. 90).

In his affidavit, Plaintiff avers that his bankruptcy counsel never explained what constitutes a contingent and unliquidated claim or that his potential lawsuit would qualify as such. Harewood Aff. (ECF No. 89-3) at 3. Plaintiff contends that he repeatedly told his counsel about the civil rights lawsuit because he looked forward to paying off his debts. Further, Plaintiff states that his bankruptcy counsel informed his current counsel in this proceeding that he was aware of the lawsuit and that the bankruptcy trustee "was likely aware of [his] civil rights case." *Id.* The Court finds Plaintiff's statements to be in conflict—on the one hand Plaintiff insists that he did not know he had to tell his counsel about this lawsuit and on the other, he contends that he did tell his counsel about it. The Court gives little weight to Plaintiff's self-serving affidavit. *See Slater*, 871 F.3d at 1190 (C.J. Carnes, concurring in the majority opinion, noted "the district court is not required to accept the plaintiff's denial of her intent. And that is true even if her denial is made under oath and not contradicted by other evidence. The district court has the authority and responsibility to find the facts and not to blindly accept testimony.").

Plaintiff also states that he did not amend the Summary of Schedules because it had no bearing on the bankruptcy case as Plaintiff had sufficient assets to cover his liabilities in the proceeding. Pl.'s Supp. Mem. in Opp. to Def.'s Mot. for Summary Judgment (ECF No. 107) at

8

4–5. Plaintiff's bankruptcy filings were Chapter 13 bankruptcy proceedings. Simplified for the purpose at hand, "the main difference between a Chapter 7 proceeding is that creditors are paid primarily with the debtor's prepetition assets in Chapter 7 and with his postpetition earnings in Chapter 13." *Slater*, 871 F.3d at 1179. Thus, Plaintiff's argument that amendment would have been futile fails because postpetition earnings are indeed relevant to Chapter 13 proceedings and may affect the post-bankruptcy plan in a number of ways. And both the 2013 and 2014 Proceedings closed following Plaintiff's initiation of this civil suit.

Further, Plaintiff identified other civil lawsuits in the 2013 and 2014 Bankruptcy Proceedings yet still failed to disclose the present action in his initial filings. Plaintiff also understood the requirement to amend his disclosures—this is evident from Plaintiff's update to the bankruptcy court following initial filing. Specifically, on September 11, 2014, Plaintiff updated the bankruptcy court regarding an additional $5,840.65 claim arising out of a Broward County lawsuit in which Plaintiff was the named defendant. One commonality shared between the lawsuits Plaintiff disclosed in the bankruptcy proceedings is that they dealt with Plaintiff's liabilities—not assets. The conclusions drawn from these facts weigh heavily in favor of judicial estoppel.

Plaintiff is no stranger to the courts. A thorough review of the totality of the circumstances[3] leads to the conclusion that Plaintiff did indeed intend to make a mockery of the judicial system by attempting to shield potential assets from bankruptcy proceedings, making inconsistent statements in this court and the bankruptcy court, and now feigning ignorance and

---

[3] The Court is also disconcerted by Plaintiff's *laissez-faire* approach to the law generally. When asked why Plaintiff had not filed tax returns from approximately 2011 until 2016, Plaintiff testified that he did not do so because he gets frustrated by "doing paperwork, numbers." Harewood Dep. Tr. (ECF No. 66-2) at 48:10–49:7.

attempting to lay blame on his bankruptcy counsel. Accordingly, judicial estoppel is appropriate here.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 65) is hereby GRANTED. Any pending motions shall be DENIED AS MOOT. The Clerk of Court is instructed to CLOSE THE MATTER.

DONE AND ORDERED in Chambers at Miami, Florida, this  1st  day of March, 2018.

                        K. MICHAEL MOORE
                        CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record